IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUFINO A. VILLARREAL, ) | |
| ) | 8:06cv21 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| v. ) | |
| ) | |
| F. GERARD HEINAUER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on (1) filing no. 11, the Defendant's Motion to Dismiss Complaint filed by the defendant, F. Gerard Heinauer, District Director of the United States Department of Homeland Security, Omaha, Nebraska; (2) filing no. 14, the Defendant's Motion to Stay Discovery Pending Motion to Dismiss; and (3) filing no. 15, the Plaintiff's Motion in Opposition to Dismiss, filed by the plaintiff, Rufino A. Villarreal. The plaintiff, on behalf of himself and a putative class of "the Citizens of the United States" filed a "Motion for Adjudication of Complaint for Writ of Mandamus" (complaint) asking this court to compel the defendant to prosecute the plaintiff's ex-wife.

The defendant asserts that this court lacks subject matter jurisdiction over the plaintiff's claim, and that the complaint fails to state a claim on which relief may be granted, as the Department of Homeland Security cannot be compelled by the courts to undertake any particular prosecution. In addition, the defendant contends that the plaintiff lacks standing.

The defendant's Motion to Dismiss will be granted. Pursuant to 8 U.S.C. § 1252(g), a federal court may have jurisdiction to "hear challenges to immigration decisions but **lacks** jurisdiction to hear a challenge to the decision to forgo or initiate proceedings against an alien." Grass v. Gonzales, 418 F.3d 876, 877 (8th Cir. 2005), cert. denied, 126 S.Ct. 1793 (2006), *quoting* Jin Zhu S-Cheng v. Ashcroft, 380 F.3d 320, 324 (8th Cir. 2004) (emphasis added).

Moreover, this court has no power to compel the defendant to perform a

1

discretionary act. See, e.g., Alvidres-Reyes v. Reno, 180 F.3d 199 (5th Cir.1999):

> We conclude from the Supreme Court's discussion in American-Arab, and the authorities cited and quoted therein, that the Attorney General's executive discretion to decide or act to commence proceedings always has been considered inherently to include the ability to choose not to do so. Otherwise, the Attorney General would have no power of free decision or latitude of choice with respect to the commencement or deferral of removal proceedings.

Id. at 205.

> For the foregoing reasons, we conclude that the federal courts lack jurisdiction to hear the plaintiffs-aliens' challenge to the Attorney General's decision to decline to commence proceedings or to adjudicate deportations, or to hear the plaintiffs' claim for suspension of their deportations which concomitantly arises therefrom. All of these causes and claims fall within the discretion-protecting provisions of § 1252(g), which apply retroactively even to pending cases.

Id. at 206.

Finally, the plaintiff has not provided the court with, and the court is unaware of, any basis whatsoever to conclude that the Department of Homeland Security or its local Director owes the plaintiff a nondiscretionary duty to investigate or prosecute the plaintiff's former spouse or any other person alleged by the plaintiff to be a removable "criminal alien." As the defendant emphasizes, the plaintiff has failed to demonstrate standing in this matter. While the plaintiff points to the "other two hundred and eight million plaintiffs in this action - the Citizens of the United States" (filing no. 16), no class has been certified in this matter, and the plaintiff does not speak for anyone but himself.

THEREFORE, IT IS ORDERED:

1. That filing no. 11, the Defendant's Motion to Dismiss Complaint , is granted;

2. That filing no. 14, the Defendant's Motion to Stay Discovery Pending Motion to Dismiss, is denied as moot;

3. That filing no. 15, the Plaintiff's Motion in Opposition to Dismiss, is denied;

4 That this action and the "Motion for Adjudication of Complaint for Writ of Mandamus" filed by the plaintiff, Rufino A. Villarreal, are dismissed with prejudice; and

5. That pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered in accordance with this Memorandum and Order.

June 22, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge